United States Bankruptcy Court for the:

__Northern__ District of __Alabama__
(State)

Case number (If known): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   Remington Arms Company, LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   Remington Arms Company, Inc.

3. **Debtor's federal Employer Identification Number (EIN)**

   5 1 – 0 3 5 0 9 3 5

4. **Debtor's address**

   **Principal place of business**

   100    Electronics Boulevard SW
   Number    Street

   Huntsville    AL    35824
   City    State    ZIP Code

   Madison
   County

   **Mailing address, if different from principal place of business**

   _____
   Number    Street

   _____
   P.O. Box

   _____
   City    State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number    Street

   _____

   _____
   City    State    ZIP Code

5. **Debtor's website (URL)**    www.remington.com

Debtor   Remington Arms Company, LLC
         Name                                                   Case number (if known)_____

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:*<br><br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>■ None of the above<br><br>B. *Check all that apply:*<br><br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br><br>3  3  2  9 |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br><br>☐ Chapter 7<br>☐ Chapter 9<br>■ Chapter 11. *Check **all** that apply*:<br><br>　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br><br>　☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br><br>　☐ A plan is being filed with this petition.<br><br>　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br><br>　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br><br>　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br><br>☐ Chapter 12 |

Debtor  Remington Arms Company, LLC    Case number (if known) _____
       Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   ☐ No
   ■ Yes.  District  Delaware    When  03/25/2018    Case number  18-10687
                                      MM / DD / YYYY
           District  _____   When  _____   Case number  _____
                                      MM / DD / YYYY

   If more than 2 cases, attach a separate list.

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    ☐ No
    ■ Yes.  Debtor  See Schedule 1 attached hereto    Relationship  Affiliate
            District  Northern District of Alabama    When  07/27/2020
                                                          MM / DD / YYYY
            Case number, if known  Pending

    List all cases. If more than 1, attach a separate list.

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ■ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
      What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                              Number    Street
                              _____
                              _____   _____  _____
                              City                              State  ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____
           Contact name     _____
           Phone            _____

---

**Statistical and administrative information**

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 3
Case 20-81692-11    Doc 1    Filed 07/27/20    Entered 07/27/20 21:28:04    Desc Main
                    Document      Page 3 of 17

| Debtor | Remington Arms Company, LLC | Case number (if known) |
|---|---|---|
| | Name | |

13. **Debtor's estimation of available funds**

    [1] Unable to determine at this time.

    Check one:
    - ☐ Funds will be available for distribution to unsecured creditors.
    - ☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.[1]

14. **Estimated number of creditors***
    - ☐ 1-49
    - ☐ 50-99
    - ☐ 100-199
    - ☐ 200-999
    - ☒ 1,000-5,000
    - ☐ 5,001-10,000
    - ☐ 10,001-25,000
    - ☐ 25,001-50,000
    - ☐ 50,001-100,000
    - ☐ More than 100,000

15. **Estimated assets***
    - ☐ $0-$50,000
    - ☐ $50,001-$100,000
    - ☐ $100,001-$500,000
    - ☐ $500,001-$1 million
    - ☐ $1,000,001-$10 million
    - ☐ $10,000,001-$50 million
    - ☐ $50,000,001-$100 million
    - ☒ $100,000,001-$500 million
    - ☐ $500,000,001-$1 billion
    - ☐ $1,000,000,001-$10 billion
    - ☐ $10,000,000,001-$50 billion
    - ☐ More than $50 billion

16. **Estimated liabilities***
    - ☐ $0-$50,000
    - ☐ $50,001-$100,000
    - ☐ $100,001-$500,000
    - ☐ $500,001-$1 million
    - ☐ $1,000,001-$10 million
    - ☐ $10,000,001-$50 million
    - ☐ $50,000,001-$100 million
    - ☒ $100,000,001-$500 million
    - ☐ $500,000,001-$1 billion
    - ☐ $1,000,000,001-$10 billion
    - ☐ $10,000,000,001-$50 billion
    - ☐ More than $50 billion

**Request for Relief, Declaration, and Signatures**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

    The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

    I have been authorized to file this petition on behalf of the debtor.

    I have examined the information in this petition and have a reasonable belief that the information is true and correct.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on 07/27/2020
    MM / DD / YYYY

    X _____        Ken D'Arcy
    Signature of authorized representative of debtor    Printed name

    Title **Chief Executive Officer**

*All statistical and financial information contained herein is reported on a consolidated basis with the Debtor's affiliates as of the Petition Date.

Debtor  Remington Arms Company, LLC                             Case number (*if known*)_____
        Name

**18. Signature of attorney**      ✖ /s/ Derek F. Meek                    Date  07  27 / 2020
                                   Signature of attorney for debtor              MM / DD / YYYY

                                   Derek F. Meek
                                   Printed name
                                   Burr & Forman LLP
                                   Firm name
                                   420        20th Street North, Suite 3400
                                   Number     Street
                                   Birmingham                              AL        35203
                                   City                                    State     ZIP Code

                                   (205) 251-3000                          dmeek@burr.com
                                   Contact phone                           Email address

                                   ASB-7723-M74D                           Alabama
                                   Bar number                              State

# SCHEDULE 1

**Pending Bankruptcy Cases Filed by the Debtors in this Court**

       On the date hereof, each of the affiliated entities listed below (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Northern District of Alabama. Contemporaneously herewith, the Debtors are filing a motion requesting the joint administration of these chapter 11 cases for procedural purposes only under the case number assigned to Remington Outdoor Company, Inc.

1. 32E Productions, LLC
2. Barnes Bullets, LLC
3. FGI Finance Inc.
4. FGI Holding Company, LLC
5. FGI Operating Company, LLC
6. Great Outdoors Holdco, LLC
7. Huntsville Holdings LLC
8. Outdoor Services, LLC
9. RA Brands, L.L.C
10. Remington Arms Company, LLC
11. Remington Arms Distribution Company, LLC
12. Remington Outdoor Company, Inc.
13. TMRI, Inc.

**JOINT
UNANIMOUS WRITTEN CONSENT OF
THE BOARD OF MANAGERS OF**

**FGI HOLDING COMPANY, LLC
FGI OPERATING COMPANY, LLC
REMINGTON ARMS COMPANY, LLC
BARNES BULLETS, LLC
OUTDOOR SERVICES, LLC
RA BRANDS, L.L.C.
32E PRODUCTIONS, LLC
GREAT OUTDOORS HOLDCO, LLC
HUNTSVILLE HOLDINGS LLC
REMINGTON ARMS DISTRIBUTION COMPANY, LLC**

**July 26, 2020**

The undersigned, being the members of the boards of managers (the board of managers for each Company being referred to as the "Board") of each of FGI Holding Company, LLC, a Delaware limited liability company, FGI Operating Company, LLC, a Delaware limited liability company, Remington Arms Company, LLC, a Delaware limited liability company, Barnes Bullets, LLC, a Delaware limited liability company, Outdoor Services, LLC, a Delaware limited liability company, RA Brands L.L.C., a Delaware limited liability company, 32E Productions, LLC, a Delaware limited liability company, Great Outdoors Holdco, LLC, a Delaware limited liability company, Huntsville Holdings LLC, a New York limited liability company, and Remington Arms Distribution Company, LLC, a Delaware limited liability company (each a "Company" and collectively, the "Companies"), acting pursuant to the authority of Section 18-404(d) of the Delaware Limited Liability Company Act or Section 408 of the New York Limited Liability Company Act, as applicable, and the applicable Amended and Restated Limited Liability Company Agreement, dated as of May 15, 2018, of each Company, hereby consent to, adopt and approve the following resolutions (these "Resolutions") and each and every action effected thereby:

**WHEREAS**, the Board of each Company has reviewed the performance and results of the respective Company, the market in which the respective Company operates, and the respective Company's current and future liquidity needs, business prospects, and current and long-term liabilities;

**WHEREAS**, the Board of each Company has reviewed the materials presented by its respective financial, legal, and other advisors and have engaged in numerous and extensive discussions (including, without limitation, with its management and such advisors) regarding, and has had the opportunity to fully consider, the respective Company's financial condition, including the respective Company's liabilities and liquidity position, the strategic alternatives available to the respective Company, and the impact of the foregoing on the respective Company's businesses and operations;

**WHEREAS**, the Board of each Company, in consultation with the respective Company's financial, legal, and other advisors, determined that it was in the best interests of the respective Company to explore a potential sale of its various business units to one or more potential bidders (the "Sale Transaction"); and

**WHEREAS**, on July 26, 2020, the Board of each Company has determined that it is desirable and in the best interests of the respective Company and such Company's creditors, equity holders, employees, and other parties in interest that such Company file or cause to be filed a voluntary petition seeking relief under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 *et seq.* (the "Bankruptcy Code").

## I. Chapter 11 Case

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board of each Company, it is desirable and in the best interests of the respective Company, such Company's respective creditors, and other parties in interest, that such Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Alabama (the "Bankruptcy Court") or other court of competent jurisdiction.

**RESOLVED FURTHER**, that any one or more officers of each respective Company (each an "Authorized Person" and collectively, the "Authorized Persons") are authorized, empowered, and directed, in the name and on behalf of the respective Company, to execute and verify all petitions under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court and to commence any ancillary or related proceedings as may be necessary or appropriate to effectuate the restructuring of the respective Company and to execute, verify, and cause to be filed all documents in furtherance thereof, at such time as such Authorized Person executing the same shall determine.

**RESOLVED FURTHER**, that each Authorized Person is authorized, empowered, and directed, in the name and on behalf of the respective Company, to negotiate, enter into, execute, deliver, certify, file, record, and perform, or cause to be negotiated, entered into, executed, delivered, certified, filed, recorded, and performed, any and all petitions, schedules, lists, motions, certifications, agreements, instruments, affidavits, acknowledgments, applications, including, without limitation, applications for approvals or rulings of governmental or regulatory authorities, pleadings, or other documents and to take, or cause to be taken, such other actions, as in the judgment of such Authorized Person shall be or become necessary, advisable, proper, or desirable in connection with the respective Company's chapter 11 case, such Authorized Person's performance of any such act and his or her execution and delivery of any such document, agreement, or instrument to be conclusive evidence of the Authorized Person's approval thereof.

## II. Cash Collateral

**RESOLVED FURTHER**, that each respective Company, as a debtor and debtor in possession under the Bankruptcy Code, be authorized, empowered, and directed to negotiate and obtain the use of cash collateral or other similar arrangements, including, without limitation, to enter into any guarantees and to pledge and grant liens on and claims against its respective assets

2

as may be contemplated by or required under the terms of cash collateral agreements or other similar arrangements, in such amounts as is reasonably necessary for the continuing conduct of the affairs of such Company in its chapter 11 case and any of such Company's affiliates who may also, concurrently with such Company's petition, file for relief under the Bankruptcy Code.

**III.     Sale Process and Bidding Procedures**

**RESOLVED FURTHER**, that in the judgment of the Board of each Company, it is desirable and in the best interests of each respective Company, its creditors, and other parties in interest, and each respective Company be and it hereby is authorized to (i) file the motion (the "Sale Motion") with the Bankruptcy Court to request, among other things, the Bankruptcy Court's approval of (a) the Sale Transaction, (b) the commencement of a marketing and sale process in the chapter 11 case for the Sale Transaction (the "Sale Process"), and (c) the bidding procedures associated with the Sale Process, which are attached to the Sale Motion (such bidding procedures, in the form approved by the Bankruptcy Court, the "Bidding Procedures") and (ii) commence and implement the Sale Process.

**RESOLVED FURTHER**, that the Authorized Persons, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of each respective Company, to take any and all other actions as they may deem necessary or advisable to (i) file the Sale Motion with the Bankruptcy Court, (ii) commence and implement the Sale Process as contemplated in the Bidding Procedures, (iii) grant access to due diligence materials and other confidential information regarding the assets of the Company and the applicable subsidiaries to participants in the Sale Process in accordance with the Bidding Procedures, and (iv) in connection with the access mentioned above, negotiate and execute non-disclosure agreements between each respective Company, its subsidiaries, and the participants in the Sale Process protecting the confidentiality of certain due diligence materials and other confidential information.

**RESOLVED FURTHER**, that the Authorized Persons, and any employees or agents (including counsel) designated by or directed by any such officers be, and each of them hereby is, authorized, empowered and directed, in the name of and on behalf of each respective Company, to take any and all other actions as they may deem necessary or advisable to, in each respective Company's capacity as stockholder, shareholder, trustee, equity holder, managing member, sole member, general partner, limited partner, or member of any of its subsidiaries and/or other entities that are debtors in the chapter 11 cases and that will take part in the Sale Process, to cause such subsidiaries and/or other entities to execute, to deliver and to perform any of the actions contemplated with respect to the Sale Process, the Bidding Procedures, and these resolutions or the transactions contemplated hereby.

**IV.     Retention of Advisors**

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each respective Company, to employ the law firm of O'Melveny & Myers LLP as general bankruptcy counsel to represent and advise each respective Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations,

3

including filing any pleadings in connection with the chapter 11 case and with any post-petition financing; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of O'Melveny & Myers LLP.

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each respective Company, to employ the firm of Burr & Forman LLP as local counsel to represent and advise each respective Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the chapter 11 case and with any post-petition financing; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Burr & Forman LLP.

**RESOLVED FURTHER**, that that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each respective Company, to employ the firm of M-III Advisory Partners, LP as financial advisor to represent and assist each respective Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the chapter 11 case and with any post-petition financing; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of M-III Advisory Partners, LP.

**RESOLVED FURTHER**, that that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each respective Company, to employ the firm of Ducera Partners LLC and, where appropriate, its affiliates including Ducera Securities LLC ("Ducera") as investment banker to represent and assist each respective Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the chapter 11 case and with any post-petition financing; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Ducera.

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each respective Company, to employ the firm of Prime Clerk LLC as notice, claims, and balloting agent to assist each respective Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and

immediately upon the filing of the chapter 11 case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Prime Clerk LLC.

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each respective Company, to employ any other professionals, including attorneys, accountants, financial advisors, investment bankers, and tax advisors, necessary to assist each respective Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case, and cause to be executed and filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary.

## V.     Other Authorizations and Ratification

**RESOLVED FURTHER**, that the Authorized Persons, and any employees or agents (including counsel) designated by or directed by any such officers be, and each of them hereby is, authorized, empowered and directed, in the name of and on behalf of the respective Company, to take any and all other actions as they may deem necessary or advisable to, in such Company's capacity as stockholder, shareholder, trustee, equity holder, managing member, sole member, general partner, limited partner or member of any of its subsidiaries and/or other entities that are debtors in the chapter 11 cases, to cause such subsidiaries and/or other entities to execute, deliver, and perform any of the actions contemplated with respect to the chapter 11 cases and these resolutions or the transactions contemplated hereby.

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the respective Company, to cause the respective Company to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action, as in the judgment of such officer shall be or become necessary, proper, or desirable to prosecute to a successful completion of the chapter 11 case, including implementing the foregoing Resolutions and the transactions contemplated by these Resolutions.

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the respective Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing Resolutions.

**RESOLVED FURTHER**, that the omission from these Resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing Resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents, or instruments described in the foregoing Resolutions shall in no manner derogate from the authority of the Authorized Persons to take all

5

actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing Resolutions.

**RESOLVED FURTHER**, that all lawful acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done by any Authorized Person or any manager, employee, legal counsel, or other representative of or advisor to the respective Company, in the name and on behalf of the respective Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these Resolutions were certified, are hereby in all respects approved and ratified.

**RESOLVED FURTHER**, that in connection with the transactions contemplated by the foregoing Resolutions, the Secretary and any Assistant Secretary of each Company be, and each of them individually hereby is, authorized in the name and on behalf of the respective Company, to certify any more formal or detailed resolutions as such Authorized Person may deem necessary, appropriate, or desirable to effectuate the intent of the foregoing Resolutions; and that thereupon such resolutions shall be deemed adopted as and for the resolutions of each Board as if set forth at length herein.

*[Signature page follows]*

6

Case 20-81692-11    Doc 1    Filed 07/27/20    Entered 07/27/20 21:28:04    Desc Main
Document    Page 12 of 17

IN WITNESS WHEREOF, the undersigned members of the Board of each of the Companies have hereunto signed their names and adopted the above Resolutions as of the date of the last signature below and hereby direct that a signed copy of this Unanimous Written Consent be filed with the Minutes of the proceedings of the Board for each of the Companies.

This Unanimous Written Consent may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute but one and the same Unanimous Written Consent.

July 26, 2020

_____
Ken D'Arcy

July 26, 2020

_____
Mark Little

FGI Holding Company, LLC
FGI Operating Company, LLC
Remington Arms Company, LLC
Barnes Bullets, LLC
Outdoor Services, LLC
RA Brands, L.L.C.
32E Productions, LLC
Great Outdoors Holdco, LLC
Huntsville Holdings LLC
Remington Arms Distribution Company, LLC
Unanimous Written Consent of Board of Managers

Case 20-81692-11   Doc 1   Filed 07/27/20   Entered 07/27/20 21:28:04   Desc Main
Document     Page 13 of 17

# United States Bankruptcy Court
## Northern District of Alabama

In re **Remington Arms Company, LLC**  
Debtor(s)

Case No.  
Chapter **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

19. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept | $ Hourly Rates |
| Prior to the filing of this statement I have received | $ Please refer to the Retention Application |
| Balance Due | $ 0.00 |

20. The source of the compensation paid to me was:
    ☒ Debtor   ☒ Other (specify):   Affiliated Debtor.

21. The source of compensation to be paid to me is:
    ☒ Debtor   ☒ Other (specify):   Affiliated Debtor.

22. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

23. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    m. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    n. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    o. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    p. [Other provisions as needed]
       **As set forth in the *Debtors' Application for Interim and Final Orders Authorizing Retention and Employment of Burr & Forman LLP as Counsel for Debtors and Debtors In Possession* (the "Retention Application"), filed concurrently herewith.**

24. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **As set forth in the Retention Application.**

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**July 27, 2020**  
*Date*

**/s/ Derek F. Meek**  
**Derek F. Meek**  
*Signature of Attorney*  
**Burr & Forman LLP**  
**420 North 20th Street, Suite 3400**  
**Birmingham, AL 35203**  
**(205) 251-3000  Fax: (205) 458-5100**  
**dmeek@burr.com**  
*Name of law firm*

43881629 v1

# United States Bankruptcy Court
## Northern District of Alabama

In re **Remington Arms Company, LLC**     Case No.
Debtor(s)     Chapter **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

19. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept | $ Hourly Rates |
| Prior to the filing of this statement I have received | $ Please refer to the Retention Application |
| Balance Due | $ 0.00 |

20. The source of the compensation paid to me was:

    ☒ Debtor     ☒ Other (specify):     Affiliated Debtor.

21. The source of compensation to be paid to me is:

    ☒ Debtor     ☒ Other (specify):     Affiliated Debtor.

22. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

23. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    m. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    n. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    o. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    p. [Other provisions as needed]
    
    **As set forth in the *Debtor' Application for Entry of Interim and Final Orders Authorizing the Employment and Retention of O'Melveny & Myers LLP as Attorneys for the Debtors* (the "Retention Application"), filed concurrently herewith.**

24. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **As set forth in the Retention Application.**

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **July 27, 2020** | **/s/ Stephen H. Warren** |
| *Date* | **Stephen H. Warren** |
| | *Signature of Attorney* |
| | **O'Melveny & Myers LLP** |
| | **400 S. Hope Street** |
| | **Los Angeles, CA 90071** |
| | **(213) 430-6000 Fax: (213) 430-6407** |
| | **swarren@omm.com** |
| | *Name of law firm* |

43779212 v1

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

In re:

REMINGTON ARMS COMPANY, LLC,

Debtor.

Chapter 11

Case No. 20-_____(  )

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Bankruptcy Rule 1007(a)(3), the following is a list of entities holding an interest in the above-captioned debtor.

| Name of Equity Security Holder | Mailing Address of Equity Security Holder | Nature and Amount of Interest Held |
|---|---|---|
| FGI Operating Company, LLC | 100 Electronics Boulevard SW Huntsville, AL 35824 | Membership Interest - 100% |

Fill in this information to identify the case and this filing:

Debtor Name  Remington Arms Company, LLC

United States Bankruptcy Court for the Northern District of Alabama

Case number *(if known)*: _____

Official Form 202
**Declaration Under Penalty of Perjury for Non-Individual Debtors**                     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership, or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule* ___
- ☐ *Chapter 11* or *Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration  List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Executed on   07/27/2020            X  _____
              MM/DD/YYYY               Signature of individual on behalf of debtor

                                       Ken D'Arcy
                                       Printed name

                                       Chief Executive Officer
                                       Position or relationship to debtor