## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., | : | Case No. 20-81688-11 |
| Debtor, | : | |
| Fed. Tax. Id. No. 26-0174491 | : | |
| In re: | : | Chapter 11 |
| FGI HOLDING COMPANY, LLC, | : | Case No. 20-81689-11 |
| Debtor, | : | |
| Fed. Tax. Id. No. 27-1679899 | : | |
| In re: | : | Chapter 11 |
| FGI OPERATING COMPANY, LLC, | : | Case No. 20-81690-11 |
| Debtor, | : | |
| Fed. Tax. Id. No. 27-1679774 | : | |
| In re: | : | Chapter 11 |
| REMINGTON ARMS COMPANY, LLC, | : | Case No. 20-81692-11 |
| Debtor, | : | |
| Fed. Tax. Id. No. 51-0350935 | : | |
| In re: | : | Chapter 11 |
| BARNES BULLETS, LLC, | : | Case No. 20-81691-11 |
| Debtor, | : | |
| Fed. Tax. Id. No. 27-1488510 | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| TMRI, INC., | : : | Case No. 20-81694-11 |
| Debtor, | : : | |
| Fed. Tax. Id. No. 81-0493522 | : : x | |
| In re: | : | Chapter 11 |
| RA BRANDS, L.L.C., | : : | Case No. 20-81698-11 |
| Debtor, | : : | |
| Fed. Tax. Id. No. 56-2201477 | : : x | |
| In re: | : | Chapter 11 |
| FGI FINANCE, INC., | : : | Case No. 20-81699-11 |
| Debtor, | : : | |
| Fed. Tax. Id. No. 90-0820109 | : : x | |
| In re: | : | Chapter 11 |
| REMINGTON ARMS DISTRIBUTION COMPANY, LLC, | : : : | Case No. 20-81695-11 |
| Debtor, | : : | |
| Fed. Tax. Id. No. 37-1864655 | : : x | |
| In re: | : | Chapter 11 |
| HUNTSVILLE HOLDINGS LLC, | : : | Case No. 20-81693-11 |
| Debtor, | : : | |
| Fed. Tax. Id. No. 82-3913525 | : : x | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| 32E PRODUCTIONS, LLC, | : | Case No. 20-81696-11 |
| | : | |
| Debtor, | : | |
| | : | |
| Fed. Tax. Id. No. 47-3532381 | : | |
| ----------------------------------------------------------- x | | |
| In re: | : | Chapter 11 |
| | : | |
| GREAT OUTDOORS HOLDCO, LLC, | : | Case No. 20-81697-11 |
| | : | |
| Debtor, | : | |
| | : | |
| Fed. Tax. Id. No. 46-4657744 | : | |
| ----------------------------------------------------------- x | | |
| In re: | : | Chapter 11 |
| | : | |
| OUTDOOR SERVICES, LLC, | : | Case No. 20-81700-11 |
| | : | |
| Debtor. | : | |
| | : | |
| Fed. Tax. Id. No. 27-2522405 | : | |
| ----------------------------------------------------------- x | | |

**DEBTORS' MOTION FOR ENTRY OF ORDER
(I) DIRECTING JOINT ADMINISTRATION OF RELATED
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Remington Outdoor Company, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") file this motion (the "**Motion**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Order**"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**"), and rule 1015(b) and (c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (i) directing the joint administration of the Chapter 11 Cases and (ii) granting such other and further relief as requested herein or as the Court otherwise deems necessary or appropriate. In support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3. On July 27, 2020 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner and no committee has been appointed or designated in these Chapter 11 Cases.

4. The Debtors are one of America's oldest and largest manufacturers of firearms, ammunition and related products for commercial, military, and law enforcement customers throughout the world. The Debtors employ approximately 2,100 full-time employees and operate seven manufacturing facilities located across the United States. The Debtors' principal headquarters are located in Huntsville, Alabama.

5. Additional information regarding the Debtors' businesses, assets, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of Ken D'Arcy in Support of Chapter 11 Petitions and First Day Pleadings of Remington Outdoor Company, Inc. and its Affiliated Debtors and Debtors in Possession* (the "**First Day Declaration**"), which is being filed contemporaneously herewith and is incorporated by reference herein.

**Relief Requested**

6. The Debtors seek entry of an order, pursuant to sections 105(a) of the Bankruptcy Code, and Bankruptcy Rule 1015(b) and (c), substantially in the form attached hereto as **Exhibit A**, (i) directing the procedural consolidation and joint administration of the Chapter 11 Cases and (ii) granting such other and further relief as requested herein or as the Court otherwise deems necessary or appropriate. The Debtors respectfully request that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to Remington Outdoor Company, Inc. and that the Chapter 11 Cases be administered under the following consolidated caption (the "**Proposed Caption**"):

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-81688-11<br><br>Jointly Administered |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

7. The Debtors also seek waiver of the requirements of section 342(c)(l) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) that the case caption on pleadings and notices in these Chapter 11 Cases contain the name, tax identification number, and address of each Debtor and any names used by each Debtor in the previous eight years. As an alternative to including this information in each caption, the Debtors propose to include the above footnote in each pleading filed and notice mailed by the Debtors, listing the Debtors in these Chapter 11 Cases and the last four digits of their tax identification numbers along with the address of the Debtors' headquarters.

8. The Debtors also respectfully request that a docket entry, substantially similar to the following, be entered on the docket of each of the Chapter 11 Cases to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of

the chapter 11 cases of Remington Outdoor Company, Inc.; FGI Holding Company, LLC; FGI Operating Company, LLC; Remington Arms Company, LLC; Barnes Bullets, LLC; TMRI, Inc.; RA Brands, L.L.C.; FGI Finance, Inc.; Remington Arms Distribution Company, LLC; Huntsville Holdings LLC; 32E Productions LLC; Great Outdoors Holdco, LLC; and Outdoor Services, LLC. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, *In re Remington Outdoor Company, Inc.,* Chapter 11 Case No. 20-81688-11.

9. Finally, the Debtors request that they be permitted to file their schedules and statements required under the Bankruptcy Code on a consolidated basis.

## Basis for Relief

10. As set forth in the First Day Declaration and discussed above, the Debtors in the Chapter 11 Cases include Remington Outdoor Company, Inc. and twelve other Debtors. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Each Debtor is an "affiliate" of Remington Outdoor Company, Inc. as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Court is authorized to grant the relief requested herein. Additionally, Bankruptcy Rule 1015(c) provides that "[w]hen an order for consolidation or joint administration of a joint case or two or more cases is entered pursuant to this rule, while protecting the rights of the parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay." Fed. R. Bankr. P. 1015(c).

11. Given the integrated nature of the Debtors' operations and the Debtors' joint proposal of the Plan, joint administration of the Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders that will arise in the Chapter 11 Cases will affect each and every Debtor. Thus, entry of the Order directing joint administration of the Chapter 11 Cases will

reduce fees and costs by, for example, avoiding duplicative filings and objections. Joint administration will also allow all parties in interest to monitor the Chapter 11 Cases with greater ease and efficiency. Furthermore, joint administration will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files for each of the Debtors and will simplify administrative supervision of the Chapter 11 Cases by the Office of the Bankruptcy Administrator for the Northern District of Alabama (the "**Bankruptcy Administrator**").

12. Further, the joint administration of the Chapter 11 Cases will not give rise to any conflict of interest among the Debtors' estates, nor will joint administration adversely affect the Debtors' respective creditors, because the Debtors only seek administrative, not substantive, consolidation of their estates for procedural purposes. Intercompany claims among the Debtors also will be preserved, and each of the Debtors will maintain separate records of assets and liabilities. Thus, the relief requested will not harm individual creditors' rights; to the contrary, non-Debtor parties in interest will benefit from the cost reductions associated with the joint administration of the Chapter 11 Cases.

13. Courts in this District routinely order joint administration in cases with multiple related debtors. *See, e.g.*, *In re Walter Energy, Inc.*, No. 15-02741-TOM11 (Bankr. N.D. Ala. July 15, 2015) [Doc. 54]; *In re Bill Heard Ents., Inc.*, No. 08-83029-JAC11 (Bankr. N.D. Ala. Sept. 30, 2008) [Doc. 26].

14. In addition, permitting the Debtors to file their schedules and statements on a consolidated basis will facilitate the "avoid[ance of] unnecessary costs and delay" in light of the Debtors' integrated operations as noted above. Such relief will not prejudice parties in interest because the required information will still be made available, but in one location.

15. For all of the foregoing reasons, the Debtors respectfully request the entry of an order providing for the joint administration of the Chapter 11 Cases.

16. Contemporaneously herewith, the Debtors are filing a motion seeking authorization for the Bankruptcy Administrator to solicit unsecured creditors on a consolidated basis in order to form one unsecured creditors' committee to serve in these Chapter 11 Cases.

**No Prior Request**

17. The Debtors have not previously sought the relief requested herein from this or any other court.

**Notice**

18. Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as applicable local bankruptcy rules, and is sufficient under the circumstances. The Debtors will provide notice of this Motion to the following parties-in-interest: (i) the Bankruptcy Administrator; (ii) the Debtors' consolidated list of creditors holding the forty largest unsecured claims; (iii) counsel to Whitebox Advisors LLC, as Priority Term Loan Lender; (iv) counsel to Cantor Fitzgerald Securities, as Priority Term Loan Agent under the Debtors' prepetition Priority Term Loan Credit Agreement; (v) counsel to Ankura Trust Company, as FILO Agent under the Debtors' prepetition FILO Term Loan Agreement, and as Exit Term Loan Agent under the Debtors' prepetition Exit Term Loan Agreement; (vi) counsel to Franklin Advisors, Inc., as FILO Lender; (vii) the United States Internal Revenue Service; (viii) counsel to the United Mine Workers of America; and (ix) all parties entitled to notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary under the circumstances.

WHEREFORE, the Debtors respectfully request that the Court enter the Order substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court otherwise deems necessary or appropriate.

Dated: July 27, 2020

*/s/ Derek F. Meek*
**BURR & FORMAN LLP**
Derek F. Meek
Hanna Lahr
420 20th Street North, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: dmeek@burr.com
　　　　hlahr@burr.com

- and -

**O'MELVENY & MYERS LLP**
Stephen H. Warren (*pro hac vice* admission pending)
Karen Rinehart (*pro hac vice* admission pending)
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: swarren@omm.com
　　　　krinehart@omm.com

*Proposed Attorneys for the Debtors and Debtors in Possession*

# EXHIBIT A

**Proposed Form of Order**

43874472 v1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., | : | Case No. 20-81688-11 |
| Debtor, | : | |
| Fed. Tax. Id. No. 26-0174491 | : | |
| In re: | : | Chapter 11 |
| FGI HOLDING COMPANY, LLC, | : | Case No. 20-81689-11 |
| Debtor, | : | |
| Fed. Tax. Id. No. 27-1679899 | : | |
| In re: | : | Chapter 11 |
| FGI OPERATING COMPANY, LLC, | : | Case No. 20-81690-11 |
| Debtor, | : | |
| Fed. Tax. Id. No. 27-1679774 | : | |
| In re: | : | Chapter 11 |
| REMINGTON ARMS COMPANY, LLC, | : | Case No. 20-81692-11 |
| Debtor, | : | |
| Fed. Tax. Id. No. 51-0350935 | : | |
| In re: | : | Chapter 11 |
| BARNES BULLETS, LLC, | : | Case No. 20-81691-11 |
| Debtor, | : | |
| Fed. Tax. Id. No. 27-1488510 | : | |

43874472 v1

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| TMRI INC., | : | Case No. 20-81694-11 |
| | : | |
| Debtor, | : | |
| | : | |
| Fed. Tax. Id. No. 81-0493522 | : | |
| In re: | : | Chapter 11 |
| | : | |
| RA BRANDS, L.L.C., | : | Case No. 20-81698-11 |
| | : | |
| Debtor, | : | |
| | : | |
| Fed. Tax. Id. No. 56-2201477 | : | |
| In re: | : | Chapter 11 |
| | : | |
| FGI FINANCE, INC., | : | Case No. 20-81699-11 |
| | : | |
| Debtor, | : | |
| | : | |
| Fed. Tax. Id. No. 90-0820109 | : | |
| In re: | : | Chapter 11 |
| | : | |
| REMINGTON ARMS DISTRIBUTION COMPANY, LLC, | : | Case No. 20-81695-11 |
| | : | |
| Debtor, | : | |
| | : | |
| Fed. Tax. Id. No. 37-1864655 | : | |
| In re: | : | Chapter 11 |
| | : | |
| HUNTSVILLE HOLDINGS LLC, | : | Case No. 20-81693-11 |
| | : | |
| Debtor, | : | |
| | : | |
| Fed. Tax. Id. No. 82-3913525 | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| 32E PRODUCTIONS, LLC, | : | Case No. 20-81696-11 |
| | : | |
| Debtor, | : | |
| | : | |
| Fed. Tax. Id. No. 47-3532381 | : | |
| ---------------------------------------------------------- | x | |
| In re: | : | Chapter 11 |
| | : | |
| GREAT OUTDOORS HOLDCO, LLC, | : | Case No. 20-81697-11 |
| | : | |
| Debtor, | : | |
| | : | |
| Fed. Tax. Id. No. 46-4657744 | : | |
| ---------------------------------------------------------- | x | |
| In re: | : | Chapter 11 |
| | : | |
| OUTDOOR SERVICES, LLC, | : | Case No. 20-81700-11 |
| | : | |
| Debtor. | : | |
| | : | |
| Fed. Tax. Id. No. 27-2522405 | : | |
| ---------------------------------------------------------- | x | |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF
RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[1] of Remington Outdoor Company, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") for entry of an order (this "**Order**"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b) and (c), (i) directing the procedural consolidation and joint administration of the Chapter 11 Cases and (ii) granting such other and further relief as requested in the Motion or as the Court otherwise deems necessary or appropriate, certain related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter an order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Motion is granted as set forth herein.

2. The Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 20-81688-11, the case number assigned to Remington Outdoor Company, Inc.

3. The consolidated caption of the jointly administered Chapter 11 Cases (the "**Consolidated Caption**") shall read as follows:

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | Case No. 20-81688-11 |
| Debtors. | Jointly Administered |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

4. A docket entry, substantially similar to the following, shall be made on the docket of each of the Chapter 11 Cases to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Remington Outdoor Company, Inc.; FGI Holding Company, LLC; FGI Operating Company, LLC; Remington Arms Company, LLC; Barnes Bullets, LLC; TMRI, Inc.; RA Brands, L.L.C.; FGI Finance, Inc.; Remington Arms Distribution Company, LLC; Huntsville Holdings LLC; 32E Productions LLC; Great Outdoors Holdco, LLC; and Outdoor Services, LLC. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, *In re Remington Outdoor Company, Inc.,* Chapter 11 Case No. 20-81688-11.

5. The Consolidated Caption satisfies the requirements set forth in section 342(c)(l) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n).

6. Nothing contained in the Motion nor this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Chapter 11 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively

consolidating their respective cases.

7. The Debtors are authorized to file their schedules and statements required under the Bankruptcy Code on a consolidated basis.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. The Court retains jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020

_____
UNITED STATES BANKRUPTCY JUDGE